UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:25-CV-61607-DAMIAN/VALLE

SHERLEY HILARY MANCEBO NAVARRO,

    Plaintiff,

vs.

DMI GC HOLDINGS, LLC,

    Defendants.
_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS

    Plaintiff, Sherley Hilary Mancebo Navarro, through undersigned counsel, respectfully responds to the Motion to Compel Arbitration and to Stay Proceedings filed by Defendant, GMI GC Holdings, LLC, as follows:

### I. INTRODUCTION

    For the Court to compel arbitration, it must first determine that the parties entered into an agreement to arbitrate. They did not. The Defendant seeks to compel Ms. Mancebo to arbitrate her claim based on a purported electronic Dispute Resolution Agreement ("DRA") executed through its Learning Management System ("LMS"). The absence of Ms. Mancebo's electronic (or wet) signature on the Defendant's DRA requires a finding that Ms. Mancebo did not agree to arbitrate her claims.

### II. STATEMENT OF FACTS

    1.    Ms. Mancebo started working for the Defendant in 2022.

2. Ms. Mancebo completed a module relating to "Dispute Resolution" for which a Certificate of Completion was issued. [ECF No. 4-1 at 9].

3. Although the Defendant utilizes a Dispute Resolution Agreement ("DRA"), which contains space for Ms. Mancebo's signature, the Defendant has not provided a DRA signed by Ms. Mancebo (traditionally or electronically) and does not contend that such a document exists.

4. Although Ms. Mancebo does not dispute completing the Dispute Resolution module or being issued a Certificate of Completion, she disputes agreeing to arbitrate future disputes with the Defendant and maintains that she never signed an agreement to arbitrate (Exhibit "A").

### III. THE LAW

Over 60 years ago, the United States Supreme Court determined that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *United Steelworkers of Am. V. Warrior & Gulf Nav. Co.,* 363 U.S. 574, 582 (1960). When presented with a motion to compel arbitration, the Court ordinarily must decide three issues:

> Under both federal statutory provisions and Florida's arbitration code, there are three elements for courts to consider in ruling on a motion to compel arbitration of a given dispute: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived.

*Seifert v. U.S. Home Corp,* 750 So. 2d 633, 636 (Fla. 1999). The case at bar, however, involves the threshold issue of whether the parties agreed to arbitrate.

> The threshold question of whether an arbitration agreement exists at all is "simply a matter of contract." *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 943, 115 S. Ct. 1920, 1924, 131 L.Ed.2d.985 (1995). Absent such an agreement, "a court cannot compel the parties to settle their dispute in an arbitral forum." *Klay v. All Defendants,* 389 F.3d 1191, 1200 (11th Cir. 2004).

*Bazemore v. Jefferson Capital Sys.,* LLC, 827 F.3d 1325, 1329 (11th Cir. 2016); *accord Dale v. Comcast Corp.,* 498 F.3d 1216, 1219 (11th Cir. 2007).

This Court summarized the law applicable to the standards and proof necessary to compel arbitration as follows:

> "The threshold question of whether an arbitration agreement exists at all is simply a matter of contract." *Bazemore v. Jefferson Cap. Sys., LLC*, 827 F.3d 1325, 1329 (11th Cir. 2016) (quotation omitted). "Such a determination rests on the intent of the parties." *Seaboard Coast Line R. Co. v. Trailer Train Co.*, 690 F.2d 1343, 1348 (11th Cir. 1982) (citations omitted). For this, the Court must apply "ordinary state-law principles that govern the formation of contracts." *Am. Exp. Fin. Advisors, Inc. v. Makarewicz*, 122 F.3d 936, 940 (11th Cir. 1997). Consequently, Florida contract law governs this dispute. *See Rodero v. Signal Fin. Co.*, 365 F. Supp. 3d 1263, 1265 (S.D. Fla. 2018) ("As Plaintiffs' FLSA action involves an employment relationship in Florida and the contracts are alleged to have been signed and executed in Florida, Florida law governs whether valid arbitration agreements exist between the parties." (internal record citations omitted)).
>
> Whether parties intended to arbitrate their claims is made under a summary-judgment-like standard. [*5] As the Eleventh Circuit has stated, "a district court may conclude as a matter of law that parties did or did not enter into an arbitration agreement only if 'there is no genuine dispute as to any material fact' concerning the formation of such an agreement." *Bazemore*, 827 F.3d at 1333 (quoting Fed. R. Civ. P. 56(a)). "If the Court finds there is an issue of disputed material fact as to whether the parties entered the agreement, the Court shall proceed to trial on the issue." *Valencia v. 1300 Ocean Drive, LLC*, 2017 U.S. Dist. LEXIS 218396, 2017 WL 7733158, at *2 (S.D. Fla. Dec. 4, 2017). The party moving to compel arbitration bears the burden "to prove the existence and terms of the contract it wishe[s] to enforce." *Rensel*, 2018 U.S. Dist. LEXIS 100720, 2018 WL 4410110, at *14.

*Masias-Pena v. Auto Wax of S. Fla., Inc.*, 2020 U.S. Dist. LEXIS 32386, at *4-5 (S.D. Fla. Feb. 12, 2020) (denying motion to compel arbitration). The Defendant bears the burden of proof as the proponent of arbitration, and its failure to carry its burden requires the denial of arbitration:

> The proponent of the contract must prove these elements by a preponderance of the evidence. *Id.* (oral contract); *see also Robbie v. City of Miami, Fla.*, 469 So. 2d 1384, 1385 (Fla. 1985) (written contract). "[T]he one who should lose on the issue of an agreement to arbitrate is the one who failed to carry its burden of proving an acceptance of arbitration as a contractual remedy." *Steve Owren, Inc. v. Connolly*, 877 So. 2d 918, 920 (Fla. 4th DCA 2004).

*Gagnon v. Experian Info. Sols., Inc.*, No. 2014 U.S. Dist. LEXIS 148681, at *3-4 (M.D. Fla. Oct. 20, 2014)

### IV. ARGUMENT

The Defendant herein cannot establish that, as a matter of contract law, Ms. Mancebo agreed to arbitrate any dispute(s) with the Defendant; therefore, its motion must fail. Ms. Mancebo does not dispute that Florida law permits agreements to be signed electronically. *See* Fla. Stat. §668.50. The problem here is that there is no document bearing Ms. Mancebo's electronic signature.

The Defendant contends that Ms. Mancebo signed an agreement. In support, it offers as evidence a narrative Affidavit describing the audit trail for Ms. Mancebo's onboarding process and the results of her clicking "Agree" following the arbitration module. [ECF No. 4-1 at ¶¶28, 29]. At best, Ms. Mancebo's clicking "Agree" following the educational module resulted in the issuance of a Certificate – not the placement of her electronic signature on the DRA. The absence of Ms. Mancebo's signature on the DRA is significant because it provided a space for Ms. Mancebo's signature to be affixed to make it enforceable:

> BY PROVIDING YOUR ELECTRONIC SIGNATURE, YOU ARE ACKNOWLEDGING YOU HAVE READ, REVIEWED, AND AGREE TO THIS AGREEMENT TO ARBITRATE.
>
> **AGREED: COMPANY**
> **RECEIVED AND AGREED:**
> EMPLOYEE NAME PRINTED    _____
> EMPLOYEE SIGNATURE       _____
> DATE:                    _____

[ECF No. 4-1 at 15]. The Defendant's DRA falls outside of the FAA's general rule that arbitration agreements do not have to be signed to be enforceable by providing a space for Ms. Mancebo's signature. *Gagnon*, 2014 U.S. Dist. LEXIS 148681, at *4 (citing *Schoendorf v. Toyota of Orlando*,

2009 U.S. Dist. LEXIS 33528, 2009 WL 1075991 (M.D. Fla. Apr. 21, 2009); and *Shearson, Lehman, Hutton, Inc. v. Lifshutz*, 595 So. 2d 996 (Fla. 4th DCA 1992)). The absence of Ms. Mancebo's signature on the DRA renders it unenforceable and precludes the Court from compelling arbitration under the facts and circumstances presented herein. *Id.* (denying motion to compel arbitration where signature is absent).

Although the Defendant explains its onboarding process and that Ms. Mancebo would have been required to "click through" to continue with her onboarding, including by clicking "agree," it has not explained why this process did not result in her electronic signature being affixed to the arbitration agreement. The Defendant also fails to provide the Court with any evidence that by completing the educational module, Ms. Mancebo agreed to arbitrate by affixing her signature to the DRA, and did not merely receive a "Certificate of Completion" as provided to the Court. [ECF No. 4-1 at 8-9].

The Court must deny the Defendant's Motion to Compel Arbitration because Ms. Mancebo did not agree to arbitrate, sign an agreement to arbitrate, and did not have her electronic signature affixed to an agreement to arbitrate. Since the Defendant has not met its burden and cannot meet its burden, its Motion is due to be denied.

## V CONCLUSION

Plaintiff, Sherley Hilary Mancebo Navarro, respectfully requests that the Court deny Defendant's Motion to Compel Arbitration and deny its request to stay proceedings pending arbitration based on the reasons set forth above.

Respectfully submitted this 8h day of September 2025,

Brian H. Pollock<u>, Esq.</u>
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Katelyn Schickman, Esq. (1064879)
katie@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:     305.230.4884
*Counsel for Plaintiff*
